IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AUTUMN SMITH, individually and on behalf of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>EVIDENT ID, INC., a Delaware corporation,<br><br>Defendant. | Case No. 1:21-cv-06911 |

### NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant Evident ID, Inc. ("Evident") hereby removes this action from the Circuit Court of Cook County, Illinois, Chancery Division, to the U.S. District Court for the Northern District of Illinois, Eastern Division. Removal is proper because this Court has jurisdiction under the Class Action Fairness Act of 2005. In support of removal, Evident states as follows:

### JURISDICTION AND VENUE

1. This Court has original jurisdiction over this civil action under 28 U.S.C. § 1332(d)(2). This action is therefore removable pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453(b). This is a class action in which the size of the proposed class exceeds 100 members; there is diversity of citizenship between at least one member of the putative class of plaintiffs and one defendant; and the amount in controversy exceeds $5 million, exclusive of interest and costs.

2. Removal to this Court is proper because the U.S. District Court for the Northern District of Illinois embraces the Circuit Court of Cook County, Illinois, where Plaintiff Autumn Smith ("Plaintiff") filed this action. *See* 28 U.S.C. §§ 93(a)(1), 1441(a).

1

## STATE COURT ACTION

3. On June 21, 2021, Plaintiff filed a Class Action Complaint in the Circuit Court of Cook County, No. 2021-CH-02990, based on alleged violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 *et seq.* (the "BIPA"). (*See* **Exhibit A**, attached hereto.) Evident is the only named defendant.

4. Plaintiff brings this action for "statutory damages" and other relief as a result of Evident's alleged "violations of BIPA." (*Id.* ¶¶ 3, 48.) Plaintiff alleges Evident violated the BIPA by: (a) collecting Plaintiff's biometric information and biometric identifiers without providing the requisite notice and obtaining Plaintiff's written release, in alleged violation of BIPA Section 15(b), (*id.* ¶ 43(a)-(c)); (b) "profit[ing] from Plaintiff's . . . biometrics" by "providing customers paid access to [Evident's] software which uses facial geometry and biometrics to verify users' identities," in alleged violation of BIPA Section 15(c), (*id.* ¶ 44); and (c) "fail[ing] to obtain informed consent to disclose or disseminate the Class' biometrics," in alleged violation of BIPA Section 15(d), (*id.* ¶ 43(d)).

5. Plaintiff requests, on behalf of herself and the class, an order awarding: injunctive relief by requiring Evident to comply with Plaintiff's interpretation of the BIPA; "statutory damages of $5,000 for each willful and/or reckless violation of BIPA," pursuant to 740 ILCS 14/20(2); "statutory . . . damages of $1,000 for each negligent violation of BIPA," pursuant to 740 ILCS 14/20(1); and reasonable litigation expenses and attorneys' fees. (*Id.* ¶¶ 3, 46.)[1]

---

[1] The copy of Plaintiff's Complaint served on Evident is missing page 11, which appears to contain Plaintiff's Prayer for Relief. (*See* Ex. A.) Plaintiff's requested relief summarized in Paragraph 5 is based on allegations appearing elsewhere in the Complaint. A complete copy of the Complaint can be found in **Exhibit C**, attached hereto.

6. On November 30, 2021, Plaintiff served a copy of the Complaint and Summons on Evident. (*See* Ex. A.)[2]

7. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders that have been filed and served in the state court action are attached hereto as **Exhibits A-E**.

8. No further proceedings have occurred in the state court action. (*See* **Exhibit F**, attached hereto (Cook County Clerk of the Circuit Court, Electronic Docket Search, Case No. 2021-CH-02990 (Dec. 28, 2021).)

## TIMELINESS

9. Removal is timely because Evident filed this Notice within thirty days of service of the Complaint, which occurred on November 30, 2021. *See* 28 U.S.C. § 1446(b)(1); Fed. R. Civ. P. 6(a)(1)(C).

## GROUNDS FOR REMOVAL: CLASS ACTION FAIRNESS ACT

10. This Court has original jurisdiction under the CAFA because (a) the putative class includes more than 100 members; (b) there is minimal diversity of citizenship; and (c) the amount in controversy exceeds $5 million.

### CLASS SIZE

11. The class Plaintiff seeks to represent includes more than 100 members. The proposed class includes "[a]ll individuals whose biometric identifiers or biometric information were collected, captured, stored, transmitted, disseminated, or otherwise obtained by [Evident]

---

[2] Upon learning in November 2021 that counsel for Plaintiff believed Evident had been served with the Summons and Complaint in this action as early as June 26, 2021, Evident appeared in the Circuit Court of Cook County and filed a Motion to Dismiss and Quash Service of Process Pursuant to 735 ILCS 5/2-301(a). (*See* **Exhibits B-D**, attached hereto.) The Court granted Evident's Motion on November 24, 2021, after which Plaintiff served Evident for the first time on November 30, 2021.

within the state of Illinois any time within the applicable limitations period." (Ex. A, Compl. ¶ 30.)

12. Plaintiff alleges that "[t]here are thousands of members of the Class." (*Id.* ¶ 32.) Solely for purposes of removal, and without conceding that Plaintiff or the class is entitled to any relief, Evident assumes Plaintiff's allegation that the proposed class includes "thousands of members" is true. *See Sabrina Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 581 (7th Cir. 2017) ("[D]efendant may rely on the estimate of the class number set forth in the complaint.").

### MINIMAL DIVERSITY OF CITIZENSHIP

13. There is minimal diversity of citizenship among the parties. Minimal diversity exists when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

14. Plaintiff resides in Illinois. (*See* Ex. A, Compl. ¶¶ 4, 26.) On information and belief following a reasonable investigation, Plaintiff is a citizen of Illinois.

15. Evident is a Delaware corporation, (*id.* ¶ 5), with its principal place of business in Georgia. A corporation is "a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Thus, Evident is a citizen of Delaware and Georgia for diversity purposes.

16. Accordingly, minimal diversity exists under 28 U.S.C. § 1332(d)(2)(A). *See, e.g.*, *Lewert v. P.F. Chang's China Bistro, Inc.*, 819 F.3d 963, 965-66 (7th Cir. 2016) (minimal diversity under CAFA existed when class representative was Illinois citizen and defendant was Delaware corporation with principal place of business in Arizona).

4

**AMOUNT IN CONTROVERSY**

17. The amount in controversy under the CAFA is satisfied if "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). For purposes of determining the amount in controversy, "the claims of the individual class members shall be aggregated." 28 U.S.C. § 1332(d)(6).

18. To demonstrate that the amount-in-controversy requirement is met, Evident need only plead that there is a "reasonable probability that the stakes exceed the minimum." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005). Indeed, "[a] good-faith estimate is acceptable if it is plausible and adequately supported by the evidence." *Blomberg v. Serv. Corp. Int'l*, 639 F.3d. 761, 763 (7th Cir. 2011) (citation omitted); *see Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 135 S. Ct. 547, 553 (2014) (defendant's good-faith estimate of amount in controversy is sufficient for removal purposes).

19. Evident denies the merits of Plaintiff's claims and denies that Plaintiff or the putative class are entitled to any monetary or other relief. Solely for purposes of the CAFA jurisdiction, however, the amount in controversy exceeds $5 million.

20. Plaintiff alleges "knowing and willful" violations of the BIPA, (*e.g.*, Ex. A, Compl. ¶ 47), which carry statutory damages of $5,000 "per violation." *See* 740 ILCS 14/20. Plaintiff also alleges at least three separate BIPA "violations" in Count I under BIPA Sections 15(b), 15(c), and 15(d). (Ex. A, Compl. ¶¶ 43-44.) Based solely on the Complaint's allegations (which Evident denies), and assuming an aggregate class size of only 500 members (far less than the class size of "thousands" alleged in the Complaint, (*id.* ¶ 32)), if each class member is entitled to recover $5,000 for each alleged BIPA violation, recovery of greater than $5 million is legally possible (*i.e.*, 500 class members x $5,000 statutory damages x 3 violations = $7.5

million).³ *See Spivey v. Vertrue*, 528 F.3d 982, 986 (7th Cir. 2008) ("Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million, then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.") (internal citation omitted).

## NOTIFICATIONS

21. Evident will promptly provide written notice to Plaintiff, through counsel, of the removal, in accordance with 28 U.S.C. § 1446(d).

22. Evident will file a copy of its Notice of Removal with the Clerk of the Circuit Court of Cook County, Illinois, County Department, Chancery Division, in accordance with 28 U.S.C. § 1446(d).

## NON-WAIVER

23. If this Court determines that the pleadings and other documents to date lack adequate information from which to ascertain the prerequisites to jurisdiction under the CAFA, the removal clock will have not begun to run, and Evident reserves the right to remove this action at the appropriate time. *See Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 821 (7th Cir. 2013).

24. Evident reserves all defenses and objections it may have to this action, without conceding either the Complaint's allegations or that Plaintiff has pleaded claims upon which relief may be granted.

## CONCLUSION

For the foregoing reasons, this action is properly removed to this Court.

---

³ Evident includes this amount in controversy based solely on the Complaint's allegations and does not concede Plaintiff's allegations are correct. Evident also does not concede that Plaintiff's putative class is certifiable, or that class members can recover for three separate BIPA violations.

Dated: December 29, 2021    Respectfully submitted,

/s/ *Gerald L. Maatman, Jr.*
Gerald L. Maatman, Jr.
(gmaatman@seyfarth.com)
SEYFARTH SHAW LLP
233 South Wacker Drive
Suite 8000
Chicago, Illinois 60606
Telephone: (312) 460-5000

**Attorney for Defendant**

## **CERTIFICATE OF SERVICE**

I, Gerald L. Maatman, an attorney, certify that on December 29, 2021 I caused a true and correct copy of the foregoing document to be filed through the Court's CM/ECF System and served the below Counsel of Record via electronic mail:

David L. Gerbie
(dgerbie@mcgpc.com)
Jordan R. Frysinger
(jfrysinger@mcgpc.com)
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Floor
Chicago, IL 606061
Telephone: (312) 893-7002

/s/ *Gerald L. Maatman, Jr.*
Gerald L. Maatman, Jr.