# EXHIBIT A

## NATIONAL REGISTERED AGENTS, INC
### SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM

To: Alan Michael
Evident Id, Inc.
945 E PACES FERRY RD NE STE 1700
ATLANTA, GA 30326-1160

SOP Transmittal # **540658831**

Entity Served: EVIDENT ID, INC. (Domestic State: DELAWARE)

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc or its Affiliate in the State of DELAWARE on this 30 day of November, 2021. The following is a summary of the document(s) received:

1. **Title of Action:** AUTUMN SMITH, individually and on behalf of similarly situated individuals vs. EVIDENT ID, INC

2. **Document(s) Served:** Other: --

3. **Court of Jurisdiction/Case Number:** None Specified
Case # 21CH02990

4. **Amount Claimed, if any:** N/A

5. **Method of Service:**

   _X_ Personally served by:    _X_ Process Server    ___ Law Enforcement    ___ Deputy Sheriff    ___ U. S Marshall

   ___ Delivered Via:    ___ Certified Mail    ___ Regular Mail    ___ Facsimile

   ___ Other (Explain):

6. **Date and Time of Receipt:** 11/30/2021 10:40:00 AM CST

7. **Appearance/Answer Date:** None Specified

8. **Received From:** None Specified

9. **Carrier Airbill #** 1ZX212780126731352

10. **Call Made to:** Not required

11. **Special Comments:**
SOP Papers with Transmittal, via UPS Next Day Air

Email Notification, Dave Thomas wdthomas@evidentid.com

Email Notification, Rachelle Reyhl rachelle@evidentid.com

Email Notification, LEGAL DEPT legal@evidentid.com

**Registered Agent: NATIONAL REGISTERED AGENTS, INC**          CopiesTo:

888-579-0286 - Telephone
302-655-5049 - Fax

The information contained in this Summary Transmittal Form is provided by NRAI for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. NRAI disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Transmitted by Gretchen McDougal
ORIGINAL

 Wolters Kluwer

## PROCESS SERVER DELIVERY DETAILS

**Date:**                    Tue, Nov 30, 2021

**Server Name:**             Kevin Dunn

| Entity Served | EVIDENT ID, INC. |
|---------------|------------------|
| Case Number | 21-CH-02990 |
| Jurisdiction | DE |



Hearing Date: No hearing scheduled
Courtroom Number: No hearing scheduled
Location: No hearing scheduled

FILED
11/29/2021 12:00 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH02990

15742901

| 2120 - Served | 2121 - Served | 2620 - Sec. of State |
| 2220 - Not Served | 2221 - Not Served | 2621 - Alias Sec of State |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| Summons - Alias Summons | | (12/01/20) CCG 0001 A |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Name all Parties

AUTUMN SMITH, on behalf of a class,

_____
Plaintiff(s)

v.

EVIDENT ID, INC., et al.

Case No.  21-CH-02990

_____
Defendant(s)

Evident ID, Inc.
c/o National Registered Agents, Inc.
1209 Orange Street
Wilmington, DE 19801

_____
Address of Defendant(s)

Please serve as follows (check one):  ○ Certified Mail  ○ Sheriff Service  ⦿ Alias

## SUMMONS

To each Defendant:

You have been named a defendant in the complaint in this case, a copy of which is hereto attached. You are summoned and required to file your appearance, in the office of the clerk of this court, within 30 days after service of this summons, not counting the day of service. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

## THERE WILL BE A FEE TO FILE YOUR APPEARANCE.

To file your written appearance/answer **YOU DO NOT NEED TO COME TO THE COURTHOUSE**. You will need: a computer with internet access; an email address; a completed Appearance form that can be found at http://www.illinoiscourts.gov/Forms/approved/procedures/appearance.asp; and a credit card to pay any required fees.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org

**Summons - Alias Summons**                                    **(12/01/20) CCG 0001 B**

E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

Please call or email the appropriate clerk's office location (on Page 3 of this summons) to get your court hearing date AND for information whether your hearing will be held by video conference or by telephone. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

**NOTE: Your appearance date is NOT a court date. It is the date that you have to file your completed appearance by. You may file your appearance form by efiling unless you are exempted.**

A court date will be set in the future and you will be notified by email (either to the email address that you used to register for efiling, or that you provided to the clerk's office).

**CONTACT THE CLERK'S OFFICE for information regarding COURT DATES by visiting our website: cookcountyclerkofcourt.org; download our mobile app from the AppStore or Google play, or contact the appropriate clerk's office location listed on Page 3.**

To the officer: (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

○ Atty. No.: 56618
○ Pro Se 99500

Name: McGuire Law, P.C.

Atty. for (if applicable):

Plaintiffs

Address: 55 West Wacker Drive, 9th Floor

City: Chicago

State: IL    Zip: 60601

Telephone: (312)893-7002

Primary Email: dgerbie@mcgpc.com

Witness date _____

11/29/2021 12:00 AM IRIS Y. MARTINEZ

IRIS Y. MARTINEZ, Clerk of Court

☐ Service by Certified Mail

☐ Date of Service:
(To be inserted by officer on copy left with employer or other person)

Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois
cookcountyclerkofcourt.org
Page 2 of 3

FILED DATE: 11/29/2021 12:00 AM   2021CH02990

FILED DATE: 11/29/2021 12:00 AM  2021CH02990

## GET YOUR COURT DATE BY CALLING IN OR BY EMAIL

**CALL OR SEND AN EMAIL MESSAGE** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date. Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

### CHANCERY DIVISION
**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5133

### CIVIL DIVISION
**Court date EMAIL:** CivCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5116

### COUNTY DIVISION
**Court date EMAIL:** CntyCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5710

### DOMESTIC RELATIONS/CHILD SUPPORT DIVISION
**Court date EMAIL:** DRCourtDate@cookcountycourt.com
                            OR
                 ChildSupCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-6300

### DOMESTIC VIOLENCE
**Court date EMAIL:** DVCourtDate@cookcountycourt.com
Gen. Info:    (312) 325-9500

### LAW DIVISION
**Court date EMAIL:** LawCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5426

### PROBATE DIVISION
**Court date EMAIL:** ProbCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-6441

### ALL SUBURBAN CASE TYPES
#### DISTRICT 2 - SKOKIE
**Court date EMAIL:** D2CourtDate@cookcountycourt.com
Gen. Info:    (847) 470-7250

#### DISTRICT 3 - ROLLING MEADOWS
**Court date EMAIL:** D3CourtDate@cookcountycourt.com
Gen. Info:    (847) 818-3000

#### DISTRICT 4 - MAYWOOD
**Court date EMAIL:** D4CourtDate@cookcountycourt.com
Gen. Info:    (708) 865-6040

#### DISTRICT 5 - BRIDGEVIEW
**Court date EMAIL:** D5CourtDate@cookcountycourt.com
Gen. Info:    (708) 974-6500

#### DISTRICT 6 - MARKHAM
**Court date EMAIL:** D6CourtDate@cookcountycourt.com
Gen. Info:    (708) 232-4551

Return Date: No return date scheduled
Hearing Date: 10/18/2021 10:00 AM - 10:00 AM
Courtroom Number: 2405
Location: District 1 Court
    Cook County, IL

**12-Person Jury**

FILED
6/21/2021 12:00 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

13747399

AUTUMN SMITH, individually and on
behalf of similarly situated individuals,

    *Plaintiff*,

          v.

EVIDENT ID, INC, a Delaware
corporation,

    *Defendant*.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. 2021CH02990

Hon.

**Jury Trial Demanded**

FILED DATE: 6/21/2021 12:00 AM  2021CH02990

### CLASS ACTION COMPLAINT

Plaintiff Autumn Smith ("Plaintiff"), individually and on behalf of other similarly situated individuals, brings this Class Action Complaint against Defendant Evident ID, Inc. ("Defendant" or "Evident") for its violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA") and to obtain redress for all persons injured by Defendant's conduct. Plaintiff alleges the following based on personal knowledge as to her own acts and experiences, and as to all other matters, upon information and belief, including an investigation conducted by her attorneys.

### INTRODUCTION

1.    Plaintiff seeks to represent a class of individuals who had their unique facial geometry captured, collected, stored and used by Evident without their prior written consent or authorization as required by Illinois law.

2.    Plaintiff and the other members of the putative class have suffered a concrete injury resulting from their facial geometry being collected, disseminated, and used for profit without their

1

FILED DATE: 6/21/2021 12:00 AM   2021CH02990

knowledge or consent, thus materially decreasing the security of this intrinsically inalterable information, and substantially increasing the likelihood that they will become victims of fraud and/or identity theft in the future.

3.      On behalf of herself and the proposed Class defined below, Plaintiff seeks an injunction requiring Defendant to comply with BIPA, as well as an award of statutory damages to the Class, together with costs and reasonable attorneys' fees.

## PARTIES

4.      At all relevant times, Plaintiff has been a resident of Cook County, Illinois

5.      Defendant Evident is a Delaware corporation that conducts business in Illinois, including in Cook County.

## JURISDICTION AND VENUE

6.      This Court may assert personal jurisdiction over Defendant pursuant to 735 ILCS 5/2-209 in accordance with the Illinois Constitution and the Constitution of the United States, because Defendant conducts business within this state and because Plaintiff's claims arise out of Defendant's unlawful in-state actions, as Defendant captured, collected, stored, used and profited from Plaintiff's biometric identifiers and/or biometric information in this state.

7.      Venue is proper in Cook County, Illinois pursuant to 735 ILCS 5/2-101, because Defendant conducts business in Cook County, Illinois, and thus resides there under § 2-102, and because the transaction out of which this cause of action arises occurred in Cook County, Illinois.

2

FILED DATE: 6/21/2021 12:00 AM   2021CH02990

## THE BIOMETRIC INFORMATION PRIVACY ACT

8.    "Biometrics" refers to a "biology-based set[s] of measurements." *Rivera v. Google Inc.*, 238 F. Supp. 3d 1088, 1094 (N.D. Ill. 2017). Specifically, "biometrics" are "a set of measurements of a specified physical component (eye, finger, voice, hand, face)." *Id.* at 1296.

9.    BIPA was enacted in 2008 in order to safeguard individuals' biometrics as the result of the "very serious need [for] protections for the citizens of Illinois when it [comes to their] biometric information." Illinois House Transcript, 2008 Reg. Sess. No. 276. BIPA is codified as Act 14 in Chapter 740 of the Illinois Compiled Statutes.

10.    As set forth in BIPA, biologically unique identifiers, such as a person's unique facial geometry, cannot be changed. 740 ILCS 14/5(c). The inalterable nature of biologically unique identifiers presents a heightened risk when an individual's biometrics are not protected in a secure and transparent fashion. 740 ILCS 14/5(d)–(g).

11.    As a result of the need for enhanced protection of biometrics, BIPA imposes various requirements on private entities that collect or maintain individuals' biometrics, including facial scans.

12.    Among other things, BIPA seeks to regulate "the collection, use, safeguarding, handling, storage, retention, and destruction of biometric identifiers and information." 740 ILCS 14/5(g). BIPA thus applies to entities that interact with two forms of biometric data: biometric "identifiers" and biometric "information." 740 ILCS 14/15(a)-(e).

13.    BIPA defines a "biometric identifier" as any personal feature that is unique to an individual, including fingerprints, voiceprints, palm scans and facial geometry. "Biometric identifiers" are physiological, as opposed to behavioral, characteristics. BIPA's text provides a

3

FILED DATE: 6/21/2021 12:00 AM 2021CH02990

non-exclusive list of protected "biometric identifiers," including "a retina or iris scan, fingerprint, voiceprint, or scan of hand or face geometry." 740 ILCS 14/10.

14.     "Biometric information" is defined by BIPA as "any information, regardless of how it is captured, converted, stored, or shared, based on an individual's biometric identifier used to identify an individual." *Id.* This definition helps ensure that information based on a biometric identifier that can be used to identify a person is covered by BIPA. Collectively, biometric identifiers and biometric information are known as, and herein referred to as "biometrics."

15.     In BIPA, the Illinois General Assembly identified four distinct activities that may subject private entities to liability:

> a.     possessing biometrics without a proper policy publicly available, 740 ILCS 14/15(a);
>
> b.     collecting, capturing, purchasing, receiving, or obtaining biometrics, 740 ILCS 14/15(b);
>
> c.     selling, leasing, trading or profiting from biometrics, 740 ILCS 14/15(c); and
>
> d.     disclosing or disseminating biometrics, 740 ILCS 14/15(d).

16.     As the Illinois Supreme Court has held, BIPA "codified that individuals possess a right to privacy in and control over their biometric identifiers and biometric information." *Rosenbach v. Six Flags Entm't Corp.*, 2019 IL 123186, ¶ 33, 129 N.E.3d 1197, 1206 (Ill. 2019). The Illinois Supreme Court further held that when a private entity fails to comply with BIPA "that violation constitutes an invasion, impairment, or denial of the statutory rights of any person or customer whose biometric identifier or biometric information is subject to the breach." *Id.*

4

FILED DATE: 6/21/2021 12:00 AM   2021CH02990

## FACTUAL BACKGROUND

17.     Defendant is a leader in identity verification, boasting a network of over 5 billion verifiable individuals.[1]

18.     In an effort to provide its customers with identity verification services, Defendant Evident developed a biometrically enabled identity verification software.

19.     Defendant's software is often incorporated into its customers' applications and websites through an API or direct links and operates by collecting and analyzing individuals' facial biometrics as needed by Defendant's customers. For example, Defendant's customers utilize Defendant's software to perform background checks which includes an identity verification process.

20.     In addition to their facial biometrics, Defendant requires that users submit state issued ID cards, driver's licenses, passports, or permanent resident cards which often includes their full legal name, date of birth, vehicle information, and/or address.

21.     Defendant's software is fully automated and works by comparing the facial geometry identified through customer uploaded drivers licenses or other identification documents with the facial geometry captured through a customer uploaded live selfie. Defendant compares the facial biometrics captured from these two images to verify that the individual pictured in the identification document is the same individual submitting the live photo.[2]

22.     ,Further, Defendant utilizes "Liveliness Detection" which captures a 3D facial biometric video of the user in order to determine whether the person is the same shown in their ID, and whether they are a living person using the software and not a "bad actor or bot."[3]

---

[1] https://www.evidentid.com (last accessed June 15, 2021)
[2] https://juzx033mfjp334nrs2lynzsu-wpengine.netdna-ssl.com/wp-content/uploads/2020/02/Evident-Identity-Verification-Brochure—February-2020.pdf (last accessed June 15, 2021)
[3] *Id.*

FILED DATE: 6/21/2021 12:00 AM   2021CH02990

23.     However, even though Defendant obtained Plaintiff's and the other Class members' facial biometrics, along with certain identifying information, Defendant failed to obtain proper prior written consent as required by BIPA to collect their facial biometrics, including from Plaintiff and the other Class members.

24.     Defendant also unlawfully profited from the facial biometrics it obtained from its customers' users, including Plaintiff and the other Class members, as Defendant was paid by its customers for use and access to its custom software.

### FACTS SPECIFIC TO PLAINTIFF SMITH

25.     Plaintiff Autumn Smith applied for a job through one of Defendant's customers' websites. Through Defendant's customers' website, Plaintiff applied to a job and was required to verify her identity through Defendant's software.

26.     Plaintiff was also required to submit a photo of her Illinois driver's license in order to verify that her facial biometrics matched the picture presented in her driver's license.

27.     Plaintiff then submitted a live photo through Defendant's software. Such picture was provided to or otherwise transferred to Defendant, which then extracted Plaintiff's facial biometrics and was used to confirm Plaintiff had the same facial biometrics as that were provided in her driver's license.

28.     Plaintiff, like the thousands of other Illinois residents who are members of the Class, never provided written consent allowing Defendant to capture, store, or disseminate her facial biometrics.

29.     Plaintiff is still unaware as to the exact status of her biometrics, including how long Defendant intends on retaining such information or if it has, or will share such information with third parties.

6

FILED DATE: 6/21/2021 12:00 AM   2021CH02990

## CLASS ALLEGATIONS

30.     Plaintiff brings this action on behalf of herself and a class of similarly situated individuals pursuant to 735 ILCS § 5/2-801. Plaintiff seeks to represent a Class defined as follows:

**Class**: All individuals whose biometric identifiers or biometric information were collected, captured, stored, transmitted, disseminated, or otherwise obtained by Defendant within the state of Illinois any time within the applicable limitations period.

31.     Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant; and any immediate family member of such officer or director.

32.     There are thousands of members of the Class, making the members of the Class so numerous that joinder of all members is impracticable. Although the exact number of members of the Class is currently unknown to Plaintiff, the members can be easily identified through Defendant's records.

33.     Plaintiff's claims are typical of the claims of the Class she seeks to represent, because the basis of Defendant's liability to Plaintiff and the Class is substantially the same, and because Defendant's conduct has resulted in similar injuries to Plaintiff and to the Class.

34.     There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not limited to, the following:

a.   Whether Defendant collects, captures, or otherwise obtains facial biometric identifiers or biometric information from Illinois residents;

b.   Whether Defendant disseminated the biometrics of Class members without written consent;

c.   Whether Defendant obtained a written release from the Class members before capturing, collecting, or otherwise obtaining their facial biometric identifiers or biometric information;

7

FILED DATE: 6/21/2021 12:00 AM   2021CH02990

     d.   Whether Defendant's conduct violates BIPA;

     e.   Whether Defendant's BIPA violations are willful or reckless; and

     f.   Whether Plaintiff and the Class are entitled to damages and injunctive relief.

35.     Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication.

36.     Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class she seeks to represent. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so. Neither Plaintiff nor her counsel have any interest adverse to those of the other members of the Class.

37.     Defendant has acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

**COUNT I**
**Violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*.**
**(On behalf of Plaintiff and the Class)**

38.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

39.     Defendant Evident is a private entity under BIPA.

8

FILED DATE: 6/21/2021 12:00 AM   2021CH02990

40.     BIPA requires a private entity, such as Defendant, to obtain informed written consent from individuals before acquiring their biometric information. Specifically, BIPA makes it unlawful to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of for which a biometric identifier or biometric information is being captured, collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b).

41.     Plaintiff and the other Class members have had their "biometric identifiers," namely their facial geometry, collected, captured, or otherwise obtained by Defendant through its software. 740 ILCS 14/10.

42.     Defendant captured, collected, stored, and/or used Plaintiff's and the other Class members' facial geometry and face print biometric identifiers without valid consent in violation of BIPA.

43.   .  Defendant's practice with respect to capturing, collecting, storing, and using biometrics fails to comply with the following provisions of BIPA:

  a.    Defendant failed to inform Plaintiff and the members of the Class in writing that their biometrics were being collected and stored, prior to such collection or storage, as required by 740 ILCS 14/15(b)(1);

  b.    Defendant failed to inform Plaintiff and the Class in writing the specific length of term their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

9

FILED DATE: 6/21/2021 12:00 AM    2021CH02990

      c.     Defendant failed to obtain a written release, as required by 740 ILCS 14/15(b)(3); and

      d.     Defendant failed to obtain informed consent to disclose or disseminate the Class' biometrics, as required by 740 ILCS 14/15(d)(1).

44.     By providing customers paid access to its software which uses facial geometry and biometrics to verify users' identities, Defendant profited from Plaintiff's and the other Class members' biometrics in violation of 740 ILCS 14/15(c). Defendant knew, or was reckless in not knowing, that the software that it provided and operated and which thousands of Illinois residents interacted with, would be subject to the provisions of BIPA, yet failed to comply with the statute.

45.     By capturing, collecting, storing, using, and disseminating Plaintiff's and the Class. members' facial biometrics as described herein, Defendant denied Plaintiff and the Class their right to statutorily required information and violated their respective rights to biometric information privacy, as set forth in BIPA.

46.     BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of BIPA and, alternatively, damages of $1,000 for each negligent violation of BIPA. 740 ILCS 14/20(1)-(2).

47.     Defendant's violations of BIPA, a statute that has been in effect since 2008, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendant negligently failed to comply with BIPA.

48.     Accordingly, with respect to Defendant's numerous violations of BIPA, Plaintiff, individually and on behalf of the proposed Class, prays for the relief set forth below.

10